**E-FILED**
Wednesday, 20 October, 2010 01:11:05 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| **LONNIE KEVIN CUTTILL,** )<br>)<br>**Plaintiff,** )<br>**v.** )<br>)<br>**JOHN POTTER,** )<br>**Postmaster General,** )<br>)<br>**Defendant.** ) | Case No. 08-2296 |

# ORDER

In December 2008, Plaintiff Lonnie Cuttill, acting *pro se*, filed a motion for leave to proceed in forma pauperis with copy of Complaint (#1), against Defendant John Potter, Postmaster General of the United States Postal Service. In February 2009, Plaintiff filed Amended Complaint 08-2296 (#16), as a Pro Se Complaint Against Employment Retaliation, Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-16. Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331. The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.

In May 2010, Defendant filed a Motion for Summary Judgment (#58). In July 2010, Plaintiff filed Plaintiff's Response to Defendants [*sic*] Motion for Summary of Judgment [*sic*] (#73). After reviewing the parties' pleadings, memoranda, and evidence, this Court **GRANTS** Defendant's Motion for Summary Judgment **(#58)**.

### I. Legal Standard

The Court will grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In ruling on a motion for summary judgment, the Court must decide, based on admissible evidence,

whether any material factual dispute exists that requires a trial. *Waldridge v. Am. Hoechst Corp.,* 24 F.3d 918, 920 (7th Cir. 1994). The party seeking summary judgment bears the initial burden of showing that no such issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The Court must draw all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). However, the nonmoving party may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; rather, he must go beyond the pleadings and support his contentions with proper documentary evidence. *Celotex*, 477 U.S. at 322-23. Because the purpose of summary judgment is to isolate and dispose of factually unsupported claims, the nonmoving party must respond to the motion with evidence setting forth specific facts showing that there is a genuine issue for trial. *See* FED. R. CIV. P. 56(e)(2); *Albiero v. City of Kankakee*, 246 F.3d 927, 932 (7th Cir. 2001). To successfully oppose a motion for summary judgment, the nonmoving party must do more than raise a "metaphysical doubt" as to the material facts, and instead must present definite, competent evidence to rebut the motion. *Wolf v. Nw. Ind. Symphony Soc'y*, 250 F.3d 1136, 1141 (7th Cir. 2001); *Albiero*, 246 F.3d at 932.

The Court is cognizant of its special obligation with respect to a *pro se* litigant. *See Caruth v. Pinkney*, 683 F.2d 1044, 1050 (7th Cir. 1982). The Seventh Circuit has defined a court's role as insuring that the claims of a *pro se* litigant are given "fair and meaningful consideration." *Madyun v. Thompson*, 657 F.2d 868, 876 (7th Cir. 1981). Furthermore, a *pro se* plaintiff is entitled to a great deal of latitude where procedural requirements are concerned. When responding to a summary judgment motion, a *pro se* plaintiff need not comply with the specific requirements described in Rule 7.1(D) of the Local Rules for the Central District of Illinois (*see* CDIL-LR 7.1(D)(6)). Nevertheless, to avoid summary judgment, he must respond with admissible evidence setting forth specific facts showing that there is a genuine issue for trial. *Michael v. St. Joseph Cnty.,* 259 F.3d 842, 845 (7th Cir. 2001).

## II. Preliminary Issue

Plaintiff's Amended Complaint (#16) states his claims as follows:

> Retaliation for participation in a protected activity (EEO). I am a disabled employee that has participated in the EEO process since May 2007. During this time, supervisor Kyle Goodwin has denied my leave requests to help my three active duty family members prior to and upon their return from deployments. I have been the recipient of Privacy Act violations, repeated settlement violations, had a breech [*sic*] of confidentiality and had local management delay providing me time with me [*sic*] EEO representative on numerous occasions. I have three (3) grievance settlements of which have it admitted that management did violate my rights and agreed to cease and desist; yet, in continues.

(Am. Compl. #16, p. 2.)

These claims substantially overlap with two other cases filed by Plaintiff. These cases are *Cuttill v. Potter* [08-2199] (hereinafter "No. 08-2199") and *Cuttill v. Potter* [09-2007]. Plaintiff filed a motion to consolidate this present case with No. 08-2199 (#3). On March 12, 2009, this Court entered an order denying Plaintiff's Motion to Amend Complaint 08-2296 and Consolidate the Amended #08-2296 with Case #08-2199 as moot; Plaintiff had subsequently filed a motion to amend the complaint that had been granted. These cases were consolidated for the purposes of discovery.

This has caused some confusion for Plaintiff. Defendant asserts that the only issue in this case is whether in response to Plaintiff's requests to see his EEO representative, the meeting unreasonably did not occur in a timely manner. (#58, p. 3.) Defendant's statement of undisputed facts is focused on this single issue. Plaintiff responds that Defendant has misdirected his argument by focusing solely on this issue, while not addressing Plaintiff's claims that were the basis of No. 08-2296, namely Plaintiff's discrimination and retaliation claims related to denial of a promotion and subsequent demotion after filing an EEO Complaint. (#73, p. 3.) As such, Plaintiff states: "Defendant has based his entire argument for a summary judgment upon a legal dispute founded on EEOC regulations of which is not an issue filed within this case." (#73, p. 3.) However, at Plaintiff's deposition, Defendant twice asked Plaintiff to

3

confirm that this case, No. 08-2296, dealt with the delay in seeing his EEO representative, and Plaintiff twice agreed. (Pl.'s Dep. #59, pp. 7, 24.)

Plaintiff's other claims, regarding the Privacy Act and breach of confidentiality, are not fully developed. Plaintiff abandoned these arguments in all stages of litigation following the Amended Complaint (#16). This Court will only address arguments that are supported by relevant authority and reasoning. Mere assertions do not sufficiently raise the issue to merit the Court's consideration. *United States v. Giovannetti*, 919 F.2d 1223, 1230 (7th Cir. 1990). Furthermore, though Plaintiff's response to Defendant's motion for summary judgment focuses on Plaintiff's retaliation claim pertaining to his demotion, the Court has already addressed this issue in No. 08-2199, and it will not revisit that issue here. Therefore, this Court will limit its discussion in this case to the issue regarding the alleged delay in Plaintiff's meeting with an EEO representative.

### III. Factual Background

In September 2007, the National Association of Letter Carriers Local 317, a Postal Service union chapter operating out of Decatur, filed an administrative class action concerning delay in Postal Service employees being allowed to meet with their EEO representatives upon filing grievances. (Pl.'s Dep., pp. 11-15.) The union was concerned that delays were undermining grievances because, at various stages in the grievance process, employees must complete appropriate paperwork within a somewhat narrow time frame. Plaintiff was a party to this administrative class action. To resolve this dispute, the union and Postal Service management reached a settlement in which the Postal Service agreed it would grant employees' requests to meet with their EEO representatives within three working days. (Am. Compl. #16-26.)

In July 2008, in the course of Plaintiff's grievance concerning allegations of discrimination and retaliation, he repeatedly requested time to meet with his EEO representative. Plaintiff made requests to meet with his EEO representative on July 23, July 24, and July 25.

4

The meeting did not occur until August 4. (Pl.'s Dep. #59, pp. 16-20). This is outside of the three business day time period recited in the union settlement agreement.

**IV. Analysis**

Defendant asks this Court to grant his motion for summary judgment based on an argument that there has been no violation of an applicable regulation. Plaintiff asks this Court to deny Defendant's motion on the basis that Defendant's actions constitute a breach of a previous administrative class action union settlement agreement. Plaintiff also indicates that the delay in meeting with his EEO representative constituted retaliation.

Defendant argues that there has been no violation of applicable regulations. EEOC Regulation 29 C.F.R. § 1614.605(a-b) states: "At any stage in the processing of a complaint . . . the complainant shall have the right to be accompanied, represented and advised by a representative of the complainant's choice. If the complainant is an employee of the agency, he or she shall have a reasonable amount of official time, if otherwise on duty, to prepare the complaint and to respond to agency and EEOC requests for information . . . ." The EEOC has authority to remedy violations of this provision without a finding of discrimination or other improper motive. The agency defines "reasonable time" as "whatever is appropriate, under the particular circumstances of the complaint, in order to allow a complete presentation of the relevant information associated with the complaint and to respond to the agency requests for information." (Def. Ex. 7.)

Here, Plaintiff made two requests for time with an EEO representative, on July 23 and July 24. Because management had not yet responded to his request, Plaintiff repeated his request to supervisor Lori Yates on July 25. Plaintiff stated that Yates was constant, avid, and persistent in getting the meeting scheduled. (Pl.'s Dep. #59., p. 19.) Plaintiff cannot recall why the meeting was scheduled for August 4, or what happened between July 25 and August 4. (Pl.'s Dep. #59, p. 21.) Furthermore, Plaintiff acknowledges that the delay in meeting with his EEO representative did not adversely affect his grievance, as he met all deadlines for filing. (#73, p. 4.) Under these circumstances, this Court concludes that a jury could not reasonably

find that Plaintiff was denied a reasonable amount of official time to complete his EEO complaint under 29 C.F.R. § 1614.605(b).

Plaintiff contends that Defendant's motion for summary judgment should be denied, because Plaintiff alleges that Defendant's actions constitute a violation of the September 2007 union settlement agreement. The settlement agreement provides that Postal Service employees who request time to meet with an EEO representative will be given time within three working days. (Am. Compl. #16-26.)

The EEOC dismissed Plaintiff's complaint for failure to state a claim due to lodging a collateral attack on the proceedings of another forum, in accordance with 29 C.F.R. § 1614.107(a)(1). Specifically, the EEOC determined that Plaintiff was seeking collateral enforcement of a grievance settlement through the EEO process, where the proper forum for an allegation of non-compliance with a grievance settlement is within the negotiated grievance process itself. (Hogan Decl. #60-2, p. 3.)

In addition to filing a complaint with the EEOC, Plaintiff also filed a grievance form with the union.[1] The case was resolved, with the following remedy: "Local management at Memorial Station did violate the formal settlement as it pertains to providing time for E.E.O. complaintant [*sic*] and their representative to meet within 3 working days, and will cease and desist." (Am. Compl. #16-27.)

Where a court finds that a plaintiff's EEO complaint is "on the same matter" as a grievance filed under negotiated grievance procedures, the court will not consider the merits of the discrimination claim. 29 C.F.R. § 1614.301(a); *see also Wong v. Barnhart*, No. 05 C 5681, 2006 WL 1719530 (N.D. Ill. June 19, 2006) (unpublished decision). Claimants are not permitted

---

[1]The grievance form, which Plaintiff attached to his Amended Complaint, states the grievant's name as "Class Action," but notes the incident date is August 4, 2008, the same date that Plaintiff met with his EEO representative. Therefore, the Court infers this grievance form relates to the events described by Plaintiff. (Am. Compl. #16-27.)

6

to have duplicative complaints in multiple forums. 29 C.F.R. § 1614.107(a)(4). Therefore, this Court finds that the EEOC did not improperly dismiss Plaintiff's complaint regarding violation of the union settlement agreement.

Last, Plaintiff indicates that the delay in meeting with his EEO representative constituted retaliation. Plaintiff does not provide any evidence to indicate that Defendant had a retaliatory motive in scheduling Plaintiff's meeting with his EEO representative for August 4. Furthermore, retaliation analysis is not applicable to an alleged violation of 29 C.F.R. § 1614.605. Where there has been an unreasonable denial of official time, remedy is limited to restoration of personal time used in place of claimed official time. Motive for unreasonable denial of official time is not relevant to the question of whether there has been a violation of the statute.

## V. Summary

For the reasons stated above, the Court **GRANTS** Defendant's Motion for Summary Judgment **(#58)**. This case is terminated.

ENTER this 20th day of October, 2010.

s/ DAVID G. BERNTHAL<br>U.S. MAGISTRATE JUDGE